David A. Chami, #027585
**PRICE LAW GROUP, APC**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
david@pricelawgroup.com

*Attorneys for Plaintiff,*
*John Petri*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| John Petri, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | **1. TCPA, 47 U.S.C. § 227;** |
| JPMorgan Chase & Co., | **2. Invasion of Privacy - Intrusion Upon Seclusion** |
| Defendant. | |

## COMPLAINT FOR DAMAGES

Plaintiff, John Petri ("Plaintiff"), through his attorneys, alleges the following against JPMorgan Chase & Co. ("Chase"):

## INTRODUCTION

1.  Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain  unsolicited  marketing  calls,  restricts  the  use  of  automatic  dialers  or

prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in the Maricopa County, Arizona.

7. Defendant is a financial institution with its corporate headquarters located at 270 Park Avenue, Manhattan, New York, NY 10017.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

//

## __FACTUAL ALLEGATIONS__

9.  In or around June of 2018, Defendant began placing calls to Plaintiff on his cellular phone number ending in 0437, in an attempt to collect an alleged debt.

10. The calls placed by Defendant mainly originated from the following numbers: (210) 520-6400 and (210) 586-0050.

11. Upon information and belief, Defendant owns and operates these numbers.

12. On or about July 21, 2018 at 9:02 a.m. Plaintiff answered a call from (210) 520-6400. Plaintiff heard a long pause before Defendant's representative spoke, indicating the use of an automated dialer.

13. During the call, Plaintiff explained to Defendant's representative that he was going through financial difficulties and was not able to pay.

14. During this phone conversation, Plaintiff unequivocally revoked consent to ever be called again.

15. Despite this unequivocal revocation, Plaintiff continued to received phone calls from Defendant.

16. On or about August 27, 2018 at 8:26 a.m. Plaintiff answered a call from (210) 586-0050. Plaintiff heard a long pause before Defendant's representative spoke, indicating the use of an automated dialer.

17. During this conversation, Plaintiff again unequivocally revoked consent to be called on his cellular telephone.

18. Despite this second unequivocal revocation, Plaintiff continued to received phone calls from Defendant, up to six (6) times a day.

19. On or about September 6, 2018 at 12:05 p.m. Plaintiff again received a call from (210) 586-0050.

20. During this conversation, Plaintiff again unequivocally revoked consent to be called on his cellular telephone.

21. Despite this third unequivocal revocation, Plaintiff continued to receive incessant phone calls from Defendant.

22. Between July 2018 and March 2019, after Plaintiff had revoked consent to be called on his cellular phone, Defendant called Plaintiff on his cellular telephone approximately TWO-HUNDRED AND TWENTY (220) times.

23. Plaintiff is sixty-seven (67) years of age.

24. Plaintiff suffers from Parkinson's disease and was employed by United Airlines as a mechanic for thirty-five (35) years before being forced onto disability about eight (8) years ago due to his physical ailments.

25. As a result, Plaintiff's only income is Social Security.

26. Defendant's calls greatly increased Plaintiff's stress about his financial situation, causing him to worry constantly and lose sleep.

27. The above-described conduct by Defendant was willful and done with the intention of causing Plaintiff such distress, so as to induce him to pay the alleged debt.

28. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

<u>**COUNT I**</u>
**(Defendant's Violations of the TCPA, 47 U.S.C. § 227)**

29. Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint as though fully stated herein.

30. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

   a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

31. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every

violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### (Defendant's Invasion of Privacy)
### (Intrusion upon Seclusion)

32. Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint as though fully stated herein.

33. Defendants violated Plaintiff's privacy. Defendants' violations include, but are not limited to, the following:

    a. Defendants intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

    b. Defendants conduct would be highly offensive to a reasonable person as Plaintiff received calls with such frequency that they interrupted Plaintiff's daily schedule.

    c. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

34. As a result of Defendants' violations of Plaintiff's privacy, Defendants are liable to Plaintiff for actual damages.  If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, John Petri, respectfully requests judgment be entered against Defendant for the following:

    A.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

    B.  Actual and punitive damages resulting from the invasion of privacy;

    C.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    D.  Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

DATED: June 4, 2019.

                          RESPECTFULLY SUBMITTED,

                          **PRICE LAW GROUP, APC**

                          By:/s/ *David A. Chami*_____
                          David A Chami, #027585
                          T: (818) 600-5515
                          david@pricelawgroup.com

                          *Attorneys for Plaintiff,*
                          *John Petri*